USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/20/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

UNITED STATES OF AMERICA,              :       05 Cr. 99-07 (SHS)
                                               07 Civ. 11176 (SHS)
       -against-                     :       <u>ORDER</u>

DINIEL MEDINA,                         :

------------------------------------------------------------x

SIDNEY H. STEIN, U.S. District Judge.

    Defendant Diniel Medina filed a document entitled "Appearance Special Visitation By Affidavit of Claims, Invoking Administrative Habeas Corpus Article I, § 9, cl.2 . . . and State of New York, U.C.C. Contract Law . . ." on November 13, 2007. By Order dated November 26, 2007, this Court (1) directed the Clerk of Court to open a new civil action and serve the U.S. Attorney with a copy of Medina's filing, and (2) directed the government to respond to the filing and Medina to reply, if he so chose. The government did submit a response dated December 12, 2007, and Medina filed a reply entitled "Appearance by Special Visitation Affidavit of Cross Claim and Notice to Have Case Docket" dated December 27, 2007.

    It is clear from petitioner's November 13, 2007 submission that his intent is to commence a petition pursuant to 28 U.S.C. § 2255 since he refers to "the writ of habeas corpus" and seeks to vacate his December 14, 2006 sentence on the grounds of ineffective assistance of counsel. Petitioner claims his counsel was ineffective insofar as he failed to object to the base offense level of 32 pursuant to U.S.S.G. § 2D1.1(c)(4), which corresponded to the five to fifteen

kilograms of cocaine for which Medina was held responsible. Because Medina was in criminal history category II, he was not eligible for relief from the statutory mandatory minimum, and he was sentenced to the statutory mandatory minimum of 120 months incarceration following his plea of guilty to the crime of conspiracy to distribute and possess with intent to distribute five kilograms and more of cocaine.

Medina styles his petition as being against the two Assistant United States Attorneys who prosecuted the case against him. However, because it is in substance a petition pursuant to 28 U.S.C. § 2255 to vacate his sentence, it is more properly brought against the United States of America and the caption will be amended accordingly.[1]

There is no need to reach the merits of petitioner's claim of ineffective assistance of counsel because in his plea agreement, Medina specifically waived his right to appeal or collaterally attack his sentence to the extent the Court sentenced him within the stipulated guidelines range of 120 to 121 months, which the Court did. (See Plea Agreement dated July 25, 2006 at 4, Ex. A to Submission of the United States Attorney for the Southern District of New York dated December 12, 2007 ("Government Submission").) Even if the merits are reviewed, he did not receive ineffective assistance of counsel. The Court now turns to each of those points.

---

[1] In addition, even if the two prosecutors were proper parties, "[i]t is firmly established that prosecutors are entitled to absolute immunity from suit[] for damages arising from activities that are intimately associated with the judicial phase of the criminal process." Barbera v. Smith, 836 F.2d 96, 99 (2d Cir. 1987). Medina does not allege that the named defendants acted outside the scope of their litigation-related prosecutorial duties.

-2-

A.      Medina's Waiver of His Right To Petition Pursuant To Section 2255 Is Valid And Enforceable

For Medina's petition to succeed, he must demonstrate that the waiver of his right to collaterally attack his sentence was invalid. Generally, a defendant's knowing and voluntary waiver of his right to bring a petition pursuant to section 2255 is enforceable. See, e.g., Frederick v. Warden, Lewisburg Corr. Facility, 308 F.3d 192, 195-96 (2d Cir. 2002); Garcia-Santos v. United States, 273 F.3d 506, 508-09 (2d Cir. 2001) (per curiam); Muniz v. United States, 360 F. Supp. 2d 574, 576-77 (S.D.N.Y. 2005).

At the plea allocution on August 11, 2006, this Court conducted a thorough proceeding that fully complied with Federal Rule of Criminal Procedure 11. The Court determined that Medina was competent to plead guilty and had reviewed the case with his attorney. (Tr. of Proceedings Held August 11, 2006 ("Plea Tr.") at 4-6, Ex. B to Government Submission.) The Court also determined that Medina understood the rights he was waiving by entering a plea of guilty, including that he understood that he was waiving his right to appeal or to collaterally attack the plea agreement. (Id. at 7-17.) Medina confirmed that he had read the plea agreement and that he had understood and signed it. (Id. at 15-17.) A waiver is knowing and voluntary where the petitioner has signed a written plea agreement and has stated that he has read and understood it. See Garcia-Santos, 273 F.3d at 508. In addition, the Court confirmed with Medina that no promises or threats had been made to induce him to plead guilty. (Plea Tr. at 16.) The

Court also inquired into the factual basis for Medina's plea. (Id. at 17-21.) Accordingly, the record reflects that Medina's plea, including the waiver, was knowing and voluntary.

      B.      Medina Did Not Receive Ineffective Assistance Of Counsel

Nonetheless, Medina argues that his representation by counsel at the time of the plea agreement was ineffective because his counsel did not object to the base offense level of 32, which corresponds to the five to fifteen kilograms of cocaine for which Medina was held responsible. To prevail on a claim of ineffective assistance of counsel, Medina must show that his attorney's representation fell below an objective standard of reasonableness, Strickland v. Washington, 466 U.S. 668, 688, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), and that there is a "reasonable probability" that the outcome of the proceeding would have been different but for the counsel's error. Id. at 694. See Hill v. Lockhart, 474 U.S. 52, 57, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985) (holding that the two-part Strickland test applies to challenges to guilty pleas based on ineffective assistance of counsel). The reviewing court must afford a "'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" United States v. Jones, 918 F.2d 9, 12 (2d Cir. 1990) (quoting Strickland, 466 U.S. at 689).

Employing the Strickland standard to his allegations, petitioner cannot establish that he entered the plea agreement without constitutionally effective counsel. Importantly, during the plea allocution when asked what he had done in connection with the crime to which he was entering a plea of guilty, he replied that he had "recommended some people in order to carry out

a drug deal" (Plea Tr. at 18.) He added that the recommendations were for people to buy cocaine and that "at least five kilograms of cocaine" was involved. (Id. at 18-19.)

It thus was not objectively unreasonable for Medina's counsel not to object to the proper base offense level. Even if petitioner could show that his attorney's representation at the plea stage was objectively unreasonable, he cannot demonstrate prejudice as a result of the alleged error. See Strickland, 466 U.S. at 694. His specific admission during the allocution provided an adequate basis for a judicial finding that he was responsible for five to fifteen kilograms of cocaine. Thus, neither did Medina's counsel act unreasonably, nor was Medina prejudiced by his attorney's failure to object to the base offense level in the Presentence Report. He therefore did not receive ineffective assistance of counsel.

C. Conclusion

Because petitioner's waiver of his right to collaterally attack his sentence was knowing and voluntary, and because there is no merit to his claim that he received constitutionally ineffective representation in entering his plea agreement, the waiver provision is enforceable. See United States v. Monzon, 359 F.3d 110, 119 (2d Cir. 2004); Reneau v. United States, No. 01-CR-965-4, 2006 WL 3019762, at *6 (S.D.N.Y. Oct. 20, 2006). Accordingly, petitioner's claim of ineffective assistance of counsel is barred.

Because petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253(c)(2); Soto v. United States,

185 F.3d 48, 51 (2d Cir. 1999). Finally, pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that any appeal from this Order would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

Dated: New York, New York
      February 20, 2008

SO ORDERED:

Sidney H. Stein, U.S.D.J.